# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Frank Palacios<br><br>    Plaintiff<br><br>v.<br><br>RAY MABUS,<br>Secretary of the U.S. Navy,<br>1200 Navy Pentagon<br>Washington DC 20350-1200<br><br>    Defendant. | Civil Action No. 16-2110 |

## COMPLAINT

COMES NOW Plaintiff Frank Palacios, by and through counsel, and for his Complaint does state:

### NATURE OF THE ACTION

1. Plaintiff seeks judicial review of the January 22, 2015, the Board for Correction of Naval Records ("BCNR") Decision, which denied Plaintiff's request for reconsideration of his request for a military records correction on the grounds that the new argument made was insufficient to warrant further consideration.

2. Plaintiff now challenges the January 22, 2015, BCNR decision pursuant to the Administrative Procedures Act ("APA") on the grounds that the decision is arbitrary, capricious, unsupported by substantial evidence, and contrary to law.

3. This is an action seeking judicial review under the Administrative Procedure Act, 5 U.S.C. §701, *et. seq.* Plaintiff was wrongfully discharged from the United States Navy with the characterization of Other than Honorable (hereinafter "OTH"). The January 22,

2015, NCNR decision denying Plaintiff a records re-characterization was arbitrary and capricious. See 5 U.S.C. § 706.

## JURISDICTION AND VENUE

4. This Court possesses jurisdiction to review a final decision by the military record correction board pursuant to 28 U.S.C. § 1331 and the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq.

5. Proper venue is laid in this Court pursuant to 28 U.S.C. § 1391(e)(1), as the Secretary of Navy is located in Washington, DC.

6. This action is timely as it is brought within six years of the January 22, 2015, decision pursuant to 28 U.S.C. § 2401(a).

## PARTIES

7. Plaintiff, Frank Palacios, served in the USMC from August 24, 1992 to February 22, 1995. Plaintiff was discharged under OTH condition, at the rank of Private and pay grade of E-1.

8. Defendant is Ray Mabus, Secretary of the United States Department of the Navy, and is named in his official capacity.

## FACTUAL ALLEGATIONS

9. Plaintiff served in the U.S. Marine Corps from August 24, 1992 to February 22, 1995.

10. While in the service, he was diagnosed with Chronic Low Back Syndrome due to his activities in the USMC. This injury led to a Military Examination/Physical Examination Board that was prepared to discharge him at 10% for his Chronic Low Back Syndrome.

11. Due to his chronic pain, Plaintiff was unable to meet his military commitments, e.g., deficiencies in maintaining weight control and military performance. This "pattern of misconduct" began in early 1994, at which time Plaintiff's service connected disability was already manifesting itself.

12. Plaintiff received an OTH for these offenses and was subsequently discharged on February 22, 1995, before his MEB/PEB could be completed.

13. Plaintiff first appealed the status of his discharge to the Naval Discharge Review Board ("NDRB") in 2002. The NDRB denied his application, although it noted some errors in Plaintiff's DD214. The NDRB contained errors itself, namely stating that Plaintiff had no medals during his service, although he had.

14. There is no discussion or evaluation of Plaintiff's mental health in his medical records.

15. Plaintiff's chronic pain caused him to become depressed; Plaintiff's mental condition is relevant to his misconduct.

16. Plaintiff made a request for a personal hearing; however, on July 2, 2009, the NDRB denied the request, stating that because there was a medical component involved, that proper channel was the BCNR.

17. On September 22, 2010, the BCRN denied Plaintiff's request for a records upgrade to Medical, or in the alternative, Honorable or General, because of the "seriousness of the [his] repetitive misconduct."

18. On January 22, 2015, the BCNR considered Plaintiff's Request for further consideration, and found "the new argument made by your attorney to the effect that the misconduct which resulted in your discharge was causally connected to your "diminished physical

and mental condition" stemming from an injury to your lumbar spine, was insufficient to warrant further consideration of your application."

19. On January 22, 2015, the BCNR denied Plaintiff's request for reconsideration.

## CLAIM FOR RELIEF

20. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 19 above, as it fully set forth herein.

21. The BCNR's January 22, 2015, decision denying Plaintiff further consideration of his claim was arbitrary, capricious, unsupported by substantial evidence, and contrary to law because it failed to consider the Plaintiff's inability to meet his military commitments were caused by his service connected injury. Further, the BCNR failed to consider Plaintiff's mental condition or depression related to chronic pain, which may have been responsible for some, if not all, of Plaintiff's seemingly erratic behavior, as well as his decision to waive his right to present his case to an administrative discharge board.

22. In light of the evidence submitted, Plaintiff's known experiences during service and the equitable powers granted to it by law, the BCNR should have fully developed Plaintiff's claim. Plaintiff was entitled to either a medical or honorable discharge based on the medical documentation provided in his claim.

23. The January 22, 2015, decision by the BCNR contained manifest error and was clearly erroneous because it failed to consider the claims and evidence presented. The BCNR refused to acknowledge the evidence and argument constituted new and material evidence.

24. Accordingly, the BCNR decision was arbitrary, capricious, an abuse of discretion, or otherwise contrary to law, and must be set aside pursuant to 5 U.S.C. § 706(2)(A).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Frank Palacios, through counsel, prays this Court to enter judgment in favor of the Plaintiff as follows:

25. Holding the January 22, 2015, BCNR decision arbitrary and capricious, unsupported by substantial evidence, and contrary to law.

26. Granting Plaintiff, a Military Medical Rating consistent with his medical issues at the time of his discharge (e.g., lower back issues and mental health issues, *inter alia.*) and providing him a discharge upgrade to "Medical", or in the alternative "Honorable," or in further alternative "General" under "Honorable" conditions;

27. In the alternative remanding the case to the BCNR for full and good faith consideration on the merits; including an evaluation of the connection between Plaintiff's service and the discharge condition and all other previously presented claims that the BCNR has not properly considered.

28. Granting Plaintiff appropriate back pay and benefits that would natural flow from the upgrade in discharge status as discussed in the previous paragraphs.

29. Awarding Plaintiff his costs and attorney's fees per including Equal Act to Justice Act fees.

30. Granting such other relief as the Court deems just and proper.

Respectfully Submitted,
/s/ Michael D.J. Eisenberg
Michael D.J. Eisenberg
Law Office of Michael D. J. Eisenberg
Counsel for Plaintiff
700 12th Street, NW, Suite 700
Washington, DC 20005
O: (202) 558-6371/F: (202) 403-3430
michael@eisenberg-lawoffice.com