UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRANK PALACIOS,

    *Plaintiff*,

          v.

RAYMOND EDWIN MABUS, JR., in his Official capacity as the Secretary of the Navy

    *Defendant*.

Civil Action No. 16-2110 (CRC)

## DEFENDANT'S MOTION TO DISMISS

Defendant United States of America, through the undersigned counsel, respectfully submits this Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

## PRELIMINARY STATEMENT

Plaintiff, Mr. Frank Palacios, served in the United States Marine Corps from August 1992 until February 1995. Complaint ("Compl.") ¶ 9. He claims that he suffered from chronic lower back pain, which resulted in his appearance before a Military Examination Board and a Physical Evaluation Board. *Id*. ¶ 10. Before the completion of a medical discharge, he was discharged from the Marine Corp for misconduct. *Id*. ¶ 11. His discharge was characterized as "Under other than honorable conditions" (OTH). *Id*. ¶ 12. Plaintiff claimed that his discharge resulted from a "pattern of misconduct" due to his inability to maintain weight control and military performance due to his chronic pain. *Id*. ¶ 11

Subsequently, Plaintiff appealed his discharge to the Naval Discharge Review Board (NDRB) in 2002 requesting an upgrade from OTH to either a Medical, a General Under Honorable Conditions, or an Honorable characterization of service. *Id*. ¶ 13. The NDRB denied

1

Plaintiff's appeal.  *Id*.  Years later, Plaintiff sought a personal appearance hearing before the NDRB, but the NDRB denied his request in 2009.  *Id*.  ¶ 16.  The NDRB stated that the Board for Correction of Naval Records (BCNR) was the proper avenue for redress where a medical component was present.  *Id*.  Plaintiff appealed to the BCNR in 2009.  *Id*.  On September 22, 2010, the BCNR denied his request citing the "seriousness of repetitive misconduct."  *Id*. ¶ 17. Plaintiff appealed to the U.S. Court of Federal Claims in April 2011.  App. 1 at 1.  In October 2011, the U.S. Court of Federal Claims granted the United States' motion to dismiss due to lack of subject matter jurisdiction as the six-year statute of limitations period had run.  *Id*. at 4. Moreover, Plaintiff requested, in the alternative, that the case be transferred to this court.  App. 2 at 4.  However, the U.S. Court of Federal Claims declined to transfer the case.  *Id*.  It concluded that the Administrative Procedure Act (APA) would be the applicable basis for the claim in this Court but that the APA does not apply where Plaintiff had an adequate remedy in the U.S. Court of Federal Claims, citing *Martinez v. United States*, 333 F.3d 1295 (Fed. Cir. 2003).  *Id*.

Finally, in September 2013, Plaintiff requested reconsideration by the BCNR of his request for an upgrade to his characterization of service.  App. 3 at 6.  Plaintiff's "new evidence" was received and passed administrative muster as meeting the baseline requirement for reconsideration.  *Id*. at 1.  The BCNR put Plaintiff's case before a board on that basis, but the board concluded that Plaintiff's counsel's arguments were not "new evidence" to warrant further consideration on the merits.  *Id*.  That January 2015 decision is the basis of Plaintiff's claim in this court.  Plaintiff's complaint was filed with the court on October 22, 2016.  *See* Docket #1. The United States was served on November 16, 2016.

**ARGUMENT**

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction."[1]  The plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  Because "subject matter jurisdiction is an 'Article III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'"[2]  When considering a motion to dismiss for lack of jurisdiction, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint."  *Hohri v. United States*, 782 F/2d 227, 241 (D.C. Cir. 1986), vacated on other grounds, 482 U.S. 64 (1987).  Rather, a court "may consider such materials outside the pleadings as it deems appropriate to resolve the question of whether it has jurisdiction to hear the case."[3]

To bring suit against the United States, the general rule is that the United States is immune from suit absent an express waiver.  The Supreme Court has said, "a waiver of sovereign immunity must be 'unequivocally expressed' in statutory text."  *FAA v. Cooper*, 132 S. Ct. 1441, 1448 (2012) (citations omitted).  Moreover, " '[s]overeign immunity is jurisdictional' and '[a]bsent a waiver, . . . shields the Federal Government and its agencies from suit.'"  *Cohen v. United States*, 650 F.3d 717, 723 (D.C. Cir. 2011)(*quoting FDIC v. Meyer*, 510 U.S. 471, 475 (1994)).  In the present case, suit was brought under the Administrative Procedure Act (APA).

---

[1] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with examination of our jurisdiction.").

[2] *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), (*quoting Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)).

[3] *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000) (*citing Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1993); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005)).

This Act contains a limited waiver of sovereign immunity.  Section 704 of the Administrative Procedure Act (APA) "provides for judicial review of 'final agency action for which there is no other adequate remedy in a court[.]'"  5 U.S.C. § 704.  The first issue pertains to final agency action.

I. **THE STATUTE OF LIMITATIONS HAS RUN ON FINAL AGENCY ACTION**

The law in this circuit is, "[u]nless another statute prescribes otherwise, a party must bring an APA claim within six years after the right of action first accrues." *Fulbright v. McHugh*, 67 F. Supp. 3d 81, 91 (D.D.C. 2014) (*citing* 28 U.S.C. § 2401(a); *Sendra Corp. v. Magaw*, 111 F.3d 162, 165 (D.C. Cir. 1997)).  According to this court, "[t]he right of action first accrues on the date of the final agency action." *Fulbright* at 91.  This court recognized that

> [T]wo conditions must be satisfied for agency action to be final: First, the action must mark the consummation of the agency's decisionmaking process, . . . it must not be of a merely tentative or interlocutory nature.  And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow[.].

*Fulbright* at 91 (*quoting Bennet v. Spear*, 520 U.S. 154, 177-8 (1997)).  Within the Department of the Navy, a decision by the BCNR marks the consummation of the agency's decisionmaking process regarding characterizations of service.  And, as evidenced by the exercise of Plaintiff's right to sue in the U.S. Court of Federal Claims on this issue, the action by the BCNR was clearly one by which rights have been determined.  However, the exception is that "[i]f for any reason the agency reopens a matter and, after reconsideration, issues a new and final order, that order is reviewable on its merits, even though the agency merely reaffirms its original decision."[4]  In *Fulbright*, this court found that the Army correction board's reconsideration re-started the

---

[4] *Sendra Corp. v. Magaw*, 111 F.3d 162, 167 (D.C. Cir. 1997) (*citing among others Interstate Commerce Comm'n v. Brotherhood of Locomotive Engineers*, 482 U.S. 270, 278 (1993)).

clock for statute of limitations purposes because the Army correction board issued a new and final order. So, in that case, the plaintiff's claims were not barred by the APA's statute of limitations.

In the present case, the BCNR declined to consider the matter on the merits so there was no new and final order. To further reinforce the point, this court has said, in order to conclude that the agency has re-opened the case (invoking the "reopening doctrine"), "the agency must have, in light of 'the entire context,' 'undertaken a serious, substantive reconsideration of the [matter].'" *Chenault v. McHugh*, 968 F. Supp 2d 268, 272 (D.D.C. 2013) (*quoting P&V Enters v. U.S. Army Corps of Eng'rs*, 516 F.3d 1021, 1023-4 (D.C. Cir. 2008)). In fact, Plaintiff's prayer for relief acknowledges this fact, where it requests "full and good consideration on the merits" which provides further proof that the BCNR did not consider the merits of Plaintiff's request. Complaint at 5, ¶ 27. Because the BCNR declined to issue a new and final order, the original decision of September 22, 2010 from the BCNR was final agency action in this matter. Plaintiff filed his complaint on October 22, 2016 and served the United States on November 16, 2016. Both the filing of the complaint and proper service occurred more than six years from final agency action. Because this claim has been brought before the court more than six years since final agency action, this claim is barred by the APA's statute of limitations and the United States is immune from suit here.

## II. **<u>AN ADEQUATE REMEDY WAS AVAILABLE IN ANOTHER COURT</u>**

Additionally, this case falls squarely within the "adequate remedy" limitation to the waiver of sovereign immunity under the APA. In *Martinez*, the Federal Circuit concluded that since the plaintiff "sought money and relief ancillary to the request for money, the Court of Federal Claims could have granted all the relief requested in the complaint if the complaint had

been timely filed." *Martinez* at 1320.  The circumstances, here, are the same in that had Plaintiff filed his claim within the Court of Claims' statute of limitations, the court could have granted all the relief requested.  But because an adequate remedy was available in the Court of Federal Claims, Plaintiff's claim does not fall within the waiver of sovereign immunity under the APA.

This Court in *Fulbright* stated that "[a] plaintiff may not bring suit under the APA if he can achieve identical relief under a different statute because only 'final agency action for which there is no other adequate remedy in a court [is] subject to judicial review' under the APA." *Fulbright* at 92 (*citing* 5 U.S.C. § 704; *Bennet v. Spear*, 520 U.S. 154, 162 (1997)).  This Court acknowledged in *Fulbright* that "this Court lacks jurisdiction to hear claims that are in actuality Tucker Act claims in excess of $10,000 because Congress has vested exclusive jurisdiction for those claims in the [Court of Federal Claims]." *Fulbright* at 92 (*citing Smalls v. United States*, 471 F.3d 186, 189 (D.C. Cir. 2006)).  In *Fulbright*, the plaintiff requested injunctive and declaratory relief but did not seek monetary damages.  The government, in that case, argued that the plaintiff could have received the relief he wanted through the Tucker Act in the U.S. Court of Federal Claims. *Fulbright* at 92.  However, the Court rejected that argument and concluded that the Court of Federal Claims "could not provide Fulbright's requested relief here because it cannot entertain suits for declaratory or injunctive relief, except to the extent such relief is necessary '[t]o provide an entire remedy and to complete the relief afforded by the judgment [for money damages].'" *Fulbright* at 93 (*quoting* 28 U.S.C. § 1491(a)(2)).  This Court in *Fulbright* found that "[b]ecause Fulbright does not seek monetary relief in this suit, the [Court of Federal Claims] could not award him the injunctive relief he requests." *Fulbright* at 93.

But, the present case is distinguished from *Fulbright* in that Plaintiff actually seeks monetary relief in his prayer for relief, in addition to injunctive and declaratory relief.  *See*

Complaint at 5, ¶ 28.  So, Plaintiff's suit in the U.S. Court of Federal Claims sought monetary, injunctive and declaratory relief.  And, now, Plaintiff brings suit in this Court seeking identical relief.  *See* Complaint at 5; *see also Palacios v. United States of America*, Complaint, No. 11-259 C, dtd. April 21, 2011, at 4.  As this Court has acknowledged, the U.S. Court of Federal Claims can provide injunctive or declaratory relief to complete the relief afforded by the money damages.  Because the U.S. Court of Federal Claims could have provided all of the relief Plaintiff sought, the U.S. Court of Federal Claims could have provided an adequate remedy.  Therefore, Plaintiff's claim does not fall within the waiver of sovereign immunity under the APA.

## CONCLUSION

Based on the foregoing, Defendant respectfully requests the claim be dismissed with prejudice for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

Date: January 17, 2017                              Respectfully submitted,

                                                    CHANNING D. PHILLIPS, D.C. Bar No. 415793
                                                    United States Attorney for the District of
                                                      Columbia

                                                    DANIEL F. VAN HORN, DC Bar # 924092
                                                    Chief, Civil Division

                                        By:    /s/_____
                                                    Patricia McBride, PA #54561
                                                    Assistant United States Attorney
                                                    555 4th Street, N.W.
                                                    Washington, D.C. 20530
                                                    (202) 252-7123
                                                    patricia.mcbride@usdoj.gov
                                                    Counsel for Defendant the United States

Of Counsel:
Major Matthew P. Banks, USMC
General Litigation Division
Office of the Judge Advocate General
Department of the Navy

## CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing Motion to be served, on this 12th day of January, 2017, by the Court's ECF system on counsel for Plaintiff:

Michael D. J. Eisenberg
Law Offices of Michael D.J. Eisenberg
700 12th Street, NW, Suite 700
Washington, D.C. 20005

Respectfully submitted,

_____
PATRICIA K. MCBRIDE, PA Bar # 54561
Assistant United States Attorney