# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| **FRANK PALACIOS**, |
| Plaintiff, |
| v. |
| **RICHARD V. SPENCER,** <br> **Secretary of the United States Navy,** |
| Defendant. |

Case No. 1:16-cv-002110 (CRC)

## MEMORANDUM OPINION

After two and a half years of service in the U.S. Marines Corps, plaintiff Frank Palacios was discharged "under other than honorable conditions" based on a "pattern of misconduct." This type of discharge, known as an "OTH," has consequences for veterans' retirement benefits and often hurts their prospects for civilian employment. See Marisa Penaloza, "Path to Reclaiming Identity Steep for Vets with 'Bad Paper,'" NPR (Dec. 11, 2013 4:58 AM), http://www.npr.org/2013/12/11/249962933/path-to-reclaiming-identity-steep-for-vets-with-bad-paper. As a result, veterans who receive OTH discharges often challenge their discharge status before an administrative board.

That is what Palacios did here. Beginning several years after leaving service, he filed a series of unsuccessful challenges to his discharge status. The Board for Correction of Naval Records denied his application for correction of his status in 2010, and Palacios requested that the Board further consider his application in 2013. After the Board denied that request in a January 2015 decision, Palacios brought this action against the Secretary of the Navy. He contended that the Board's decision was arbitrary and capricious, and therefore invalid under the Administrative Procedure Act ("APA"). The Secretary has moved to dismiss the case on

jurisdictional grounds, contending first that Palacios' suit is untimely and, alternatively, that jurisdiction under the APA is lacking because Palacios could have obtained adequate relief under another statute. See 5 U.S.C. § 704 (permitting judicial review of agency action only where "there is no other adequate remedy in a court").

The Court agrees that it lacks jurisdiction over Palacios' claim, but for a different reason than those offered by the government. Jurisdiction is lacking because Palacios seeks monetary relief from the United States and, under the Tucker Act, such claims may be brought only in the Court of Federal Claims. The Court will therefore dismiss this case.

**I.      Background**

Mr. Palacios served in the Marine Corps from August 1992 until February 1995. Compl. ¶ 9. He claims that, throughout his service, he suffered from chronic lower back pain. Id. ¶ 10. Palacios sought a discharge for medical reasons, but before he finished the requisite medical evaluation process, he was instead discharged for a "pattern of misconduct"—apparently, "deficiencies in weight control and military performance." Id. ¶ 10–11.

In 2002, Palacios appealed his discharge to the Naval Discharge Review Board ("NDRB"), which denied his challenge. He then requested a hearing before that body, but the NDRB told him that a different agency, the Board for Correction of Naval Records (the "BCNR" or "Board"), was responsible for reviewing discharges involving medical issues.[1] Id. ¶ 16.

---

[1] "The Secretary of a military department may correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice," and these corrections are generally made "through boards of civilians of the executive part of that military department." 10 U.S.C. § 1552(a)(1). In the case of the Navy, "the Secretary has delegated this function to the BCNR." Havens v. Mabus, 759 F.3d 91, 94 n.6 (D.C. Cir. 2014); see 32 C.F.R. § 723.2.

Palacios appealed his discharge status to the BCNR in 2009. Id. It denied his challenge on September 22, 2010, citing the "seriousness of [his] repetitive misconduct." Id. ¶ 17. Palacios then sought review of that denial in the Court of Federal Claims. Mot. Dismiss app. 1, at 1. That court dismissed the action for lack of subject matter jurisdiction, finding that Palacios' challenge was untimely. Id. at 2.

Palacios returned to the BCNR in September 2013, requesting that it reconsider its prior denial. In a letter dated January 22, 2015, the BCNR denied his request. Id. app. 3, at 1. The Board explained that it had made a "careful and conscientious consideration of the entire record." Id. And it acknowledged that Palacios had raised a "new argument" in his request for reconsideration—that his "discharge was causally connected to [his] 'diminished physical and mental condition' stemming from an injury to [his] lumbar spine." Id. But the Board found the argument "insufficient to warrant further consideration of [Palacios'] application." Id.

In October 2016, Palacios brought this action against the Secretary of the Navy.[2] He claimed that the BCNR's 2015 denial of reconsideration was "arbitrary, capricious, unsupported by substantial evidence, and contrary to law," and therefore unlawful under the APA. Compl. ¶ 2; see 5 U.S.C. § 706(2)(A). The government now moves to dismiss the case under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. It contends that Palacios filed his suit outside the six-year statute of limitations that applies to APA claims and that, in any event, Palacios cannot establish jurisdiction under the APA because he has an "other adequate remedy in a court," 5 U.S.C. § 704 —namely, under the Tucker Act, 28 U.S.C. § 1491(a)(1). The motion is ripe for adjudication.

---

[2] When Palacios filed his suit, the Secretary of the Navy was Ray Maybus. Compl. 1. The Court has automatically substituted the current Secretary of the Navy, Richard V. Spencer, pursuant to Federal Rule of Civil Procedure 25(d).

**II.     Standard of Review**

The plaintiff bears the burden of establishing a court's subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Where, as here, the defendant does not challenge the factual underpinnings of the complaint, the Court must accept the plaintiff's factual allegations as true. United States v. Gaubert, 499 U.S. 315, 327 (1991).

**III.    Analysis**

   A. The Court Lacks Subject Matter Jurisdiction Over Palacios' Claim Because it Seeks Monetary Relief from the United States

The government contends that the Court has no power to review the Board's decision under the APA—which allows judicial review of agency action only where "there is no other adequate remedy in a court," 5 U.S.C. § 704—because Palacios could obtain adequate relief in the Court of Federal Claims under the Tucker Act.

The Court need not (and, actually, *may* not) wade into the issue of whether Palacios has another avenue for relief from the Board's denial, as the Court agrees that it lacks jurisdiction over Palacios' APA claim. The question of whether Palacios could obtain "adequate relief" in the Court of Federal Claims bears on whether he has a cause of action under the APA, not on whether the Court has jurisdiction. See Trudeau v. FTC, 456 F.3d 178, 183–84 (D.C. Cir. 2006) ("Because § 704's declaration that final agency action is 'subject to judicial review' is not a grant of jurisdiction, even if we were to infer by negative implication that agency conduct not amounting to final agency action is not 'reviewable,' that inference would not deprive a federal court of any jurisdiction it otherwise has."). Moreover, to answer that question, the Court would need to decide whether Palacios has a viable *cause of action* for the back pay and benefits that he seeks, because the Tucker Act itself "does not create any substantive right enforceable against the United States for money damages." See United States v. Testan, 424 U.S. 392, 398 (1976).

4

The parties have not briefed this issue and, in any event, it cannot be resolved if the Court lacks jurisdiction over Palacios' claim. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101 (1998) (rejecting the "doctrine of 'hypothetical jurisdiction' that enables a court to resolve contested questions of law when its jurisdiction is in doubt"); see also Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Rather, the Court must first determine whether it has jurisdiction. In the APA, Congress waived sovereign immunity—and thus has allowed for federal jurisdiction—only over actions "seeking relief *other than money damages*." 5 U.S.C. § 702 (emphasis added); see Trudeau, 456 F.3d at 185–86 (characterizing the requirements of § 702 as jurisdictional). Congress has, however, waived immunity for certain monetary claims in the Tucker Act, 28 U.S.C. § 1491. Specifically, "[t]he Tucker Act vests exclusive jurisdiction in the United States Court of Federal Claims over claims against the United States for 'liquidated or unliquidated damages in cases not sounding in tort,'" unless those claims are for $10,000 or less, in which case the Court of Federal Claims and federal district courts have concurrent jurisdiction under the so-called "Little Tucker Act." Smalls v. United States, 471 F.3d 186, 189 (D.C. Cir. 2006). So the operative question is whether Palacios' claim is one for over $10,000 in "money damages"—if so, this Court lacks jurisdiction over his claim. And one way to answer this question is to decide whether his claim is within the scope of the Tucker Act. See Fulbright v. McHugh, 67 F. Supp. 3d 81, 92–93 (D.D.C. 2014), aff'd sub nom. Fulbright v. Murphy, 650 F. App'x 3 (D.C. Cir. 2016).

Whether a claim is subject to the Tucker Act depends on whether, "in whole or in part, it explicitly or 'in essence' seeks more than $10,000 in monetary relief from the federal government." Kidwell v. Dep't of Army, Bd. for Corr. of Mil. Records, 56 F.3d 279, 284 (D.C.

5

Cir. 1995). "[A] claim is not for money merely because its success may lead to pecuniary costs for the government or benefits for the plaintiff." Vietnam Veterans of Am. v. Sec'y of the Navy, 843 F.2d 528, 534 (D.C. Cir. 1988). But where a claim *by its terms* seeks money from the federal government, it falls within the Tucker Act. See, e.g., Van Drasek v. Lehman, 762 F.2d 1065, 1071 (D.C. Cir. 1985).

Has Palacios "explicitly or 'in essence'" sought more than $10,000 in monetary relief, so as to bring his claim within the scope of the Tucker Act? In his complaint, Palacios seeks three primary forms of redress. He requests that the Court hold the Board's decision unlawful. Compl. ¶ 25. He asks that it grant him an upgraded discharge status or, alternatively, that it remand the case to the Board for reconsideration. Id. ¶ 26–27. And, finally, he seeks an award of "appropriate back pay and benefits that would natural[ly] flow from the upgrade in discharge status." Id. ¶ 28.

This last type of relief is, on its face, a claim for money damages. Back pay is quintessentially compensatory. See Van Drasek, 762 F.2d at 1065 (claim for back pay based on military's allegedly unlawful promotion decisions fell within Tucker Act). The Federal Circuit has, in fact, expressly held that requests for military back pay related to discharge designations fall within the Tucker Act, including where those requests are made through challenges to military board decisions. Sawyer v. United States, 930 F.2d 1577, 1580 (Fed. Cir. 1991) (upholding Claims Court jurisdiction over claim challenging BCNR decision regarding disability determination); see also, e.g., Brass v. United States, 120 Fed. Cl. 157, 162 (2015) (describing statutes governing military pay as creating "a substantive right to *damages from the United States*" (emphasis added)).

6

True, Palacios does not specify the *amount* he seeks. But given that Palacios left service over 20 years ago, it is implausible that, if he obtained an upgraded discharge status, he would be entitled to $10,000 or less. Indeed, while Palacios disputes that his claim falls within the Tucker Act, he does not argue that the "back pay and benefits" he seeks fall below its $10,000 threshold. And it would be hard to raise such a dispute given that, in his prior action in the Court of Federal Claims based on his OTH discharge, he expressly sought more than $10,000. Mot. Dismiss app. 1, at 4 (complaint in Court of Federal Claims); see Doe v. U.S. Dep't of Justice, 753 F.2d 1092, 1101 (D.C. Cir. 1985) (taking notice of attorney's pay grade in finding that her claim for back pay fell within exclusive jurisdiction of Court of Federal Claims).

In contending that his claim does not fall within the Tucker Act, Palacios stresses that any back pay and benefits would "flow from the upgrade in discharge status"—an upgrade that is not *itself* monetary—and is not a standalone "specific monetary award." Pl.'s Opp. 7. In other words, Palacios says that he *primarily* requests "judicial review or a final agency action," and that "[a]ny monetary consequences of that relief are secondary." Id. at 5.

From Palacios' perspective, that may be true. But a plaintiff who requests monetary damages cannot avoid the Tucker Act by saying that he *cares* more about non-monetary relief. Wolfe v. Marsh, 846 F.2d 782, 785 (D.C. Cir. 1988) ("Given the need for certainty as to jurisdiction, we cannot allow plaintiff's subjective intent, ambiguously expressed, to control the issue."). Rather, the D.C. Circuit has imposed a simple, "bright line rule" for determining whether a claim falls within the Tucker Act. Id. This rule, designed to simplify courts' jurisdictional inquiry, prevents them from searching beyond the "four corners of the complaint" to decide whether the plaintiff seeks money. Tootle v. Sec'y of the Navy, 446 F.3d 167, 174 (D.C. Cir. 2006). Applying this bright line rule, many federal district courts have shot down

government attempts to foreclose their jurisdiction on the ground that the plaintiff's claim will inevitably result in money damages. See, e.g., Kidwell, 56 F.3d at 285–86. On the flip side of the coin, courts have rejected plaintiffs' efforts to invoke Tucker Act jurisdiction by emphasizing the monetary consequences of essentially injunctive claims that lack an explicit request for monetary relief. See, e.g., Wolfe, 846 F.2d at 784.

Palacios invokes both these lines of cases in contending that his claim does not fall within the Tucker Act, but neither supports him. In cases upholding federal district court jurisdiction over challenges to decisions by the BCNR and similar agencies, the plaintiffs simply did not seek monetary relief. In Tootle v. Secretary of the Navy, for example, the plaintiff requested only that the district court invalidate the findings of a physical evaluation board and correct his military service record. 446 F.3d at 171. "Nowhere in the complaint [did] Tootle request money." Id. at 174. In upholding the district court's exercise of jurisdiction, the D.C. Circuit rejected the government's argument that the plaintiff, *in effect*, sought disability payments. See id. As these cases show, courts should not speculate about whether the reversal of an agency's discharge determination would likely—or even inevitably—require the United States to pay the plaintiff. See, e.g., Smalls, 471 F.3d at 190 ("The fact that in seeking the correction of a military record the plaintiff may, if successful, obtain monetary relief from the United States in subsequent administrative proceedings is insufficient to deprive the district court of jurisdiction."). But courts' refusal to infer a claim for damages *where one was not made* in no way implies that they may ignore a plaintiff's *express* claim for money damages.

Corollary cases have found an absence of jurisdiction under the Tucker Act (or Little Tucker Act) where a plaintiff's "complaint, by its own terms, did not seek monetary relief," even where the plaintiff in subsequent memoranda offered to amend his complaint to include a request

8

for damages. Wolfe, 846 F.2d at 784. Again, these cases provide Palacios no support. Quite the contrary, in reversing a district court's exercise of Little Tucker Act jurisdiction over a reinstatement claim, the D.C. Circuit in Wolfe specifically highlighted the "[c]onspicuous[] absen[ce]," both in the plaintiff's complaint and in his offer to amend it, of any "request that the district court award him back pay." Id.; see also id. n.2 ("[W]e note that it is an extremely rare plaintiff who has trouble asking for money, if that is what he wants"). What was conspicuously absent in Wolfe is conspicuously *present* in Palacios' prayer for relief. Compl. ¶ 28 ("Granting Plaintiff appropriate back pay and benefits . . . ."). Because he has expressly sought money damages of over $10,000, and the Tucker Act places his claim within the exclusive jurisdiction of the Court of Federal Claims.

> B. The Court Declines to Grant Palacios Leave To File Amended Complaint or to Transfer the Case Because the Board's 2015 Denial of Reconsideration Was Not "Final Agency Action"

In his opposition to the motion to dismiss, Palacios asks that, if the Court finds that his claim falls within the Tucker Act, then it should grant him leave to file an amended complaint that would disclaim any request for money damages, Pl.'s Opp'n 7 n.2, or it should transfer his case to the Court of Federal Claims, id. n.3. The Court declines these requests. Granting Palacios leave to file an amended complaint or transferring the case would be futile because his claim would inevitably fail on the merits. See Atchinson v. District of Columbia, 73 F.3d 418, 425 (D.C. Cir. 1996) ("[A] district court should grant leave to amend a complaint '[i]n the absence of any apparent or declared reason—such as . . . futility of amendment, etc.'" (citation omitted)); Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983) (upholding district court's refusal to transfer case where court had found "substantive problems with [the

9

plaintiff's] asserted claims"). This is because the 2015 Board decision he challenges is not "final agency action," and Palacios therefore lacks a cause of action under the APA, 5 U.S.C. § 704.

A final agency action "mark[s] the consummation of the agency's decisionmaking process" and is "one by which obligations have been determined, or from which legal consequences will flow." Bennett v. Spear, 520 U.S. 154, 178 (1997) (internal quotation marks and citation omitted). The D.C. Circuit has established two circumstances in which an agency's denial of reconsideration qualifies as a final agency action.

*First*, if the party seeking review "allege[d] 'new evidence' or 'changed circumstances'" that were not previously before the agency, then "the agency's denial is reviewable as a final agency action." Sendra Corp. v. Magaw, 111 F.3d 162, 166 (D.C. Cir. 1997) (quoting ICC v. Brotherhood of Locomotive Eng'rs, 482 U.S. 270, 278 (1993)). While the Board's denial letter refers to a "new *argument*," there is no indication in the Board's denial, nor any allegation in his complaint or briefing, that Palacios introduced new *evidence* in his 2013 appeal that was not previously available to the Board. If a new argument were sufficient to trigger final agency action, the six-year statute of limitations governing APA claims would be effectively meaningless, and parties would be motivated to withhold legal arguments when first challenging agency action. Thus, the mere fact that Palacios raised a new argument does not make the Board's denial of reconsideration reviewable.

*Second*, even if the Board did not consider new evidence, its denial would be reviewable if it "reopen[ed] a matter and, after reconsideration, issue[d] a new and final order." Id. at 167. The fact that "the agency discusses the merits at length when it denies a request for reconsideration does not necessarily mean the agency has reopened the proceedings." Id.

10

Rather, the agency must "clearly state[] or indicate[] that it has reopened the matter." Id. In its 2015 denial letter, the Board summarized its determination as follows:

> After careful and conscientious consideration of the entire record, the Board found that the new argument made by your attorney to the effect that the misconduct which resulted in your discharge was causally connected to your "diminished physical and mental condition" stemming from an injury to your lumbar spine, was insufficient to warrant further consideration of your application. Accordingly, the Board denied your request.

Mot. Dismiss app. 3, at 1.

Put simply, this language does not suggest, let alone "*clearly* state," that the Board reopened Palacios' prior application for correction of his naval record. In cases allowing for review of agency reconsiderations, the agencies have either reached a different conclusion after reconsidering the matter, see Fulbright, 67 F. Supp. 3d at 92 (Army board found that plaintiff should have been promoted to higher rank), or have engaged in fulsome review of the case's merits, Havens v. Mabus, 759 F.3d 91, 94 & n.9 (D.C. Cir. 2014) (BCNR treated application for review as a *new application* and expressly stated that it examined the merits).

The Board's one-page letter is nothing like those agency decisions. Rather, like the denial of reconsideration held unreviewable in Sendra, "the [Board's] letter constituted nothing more than a statement of the reasons why [the plaintiff's] request did not warrant reopening the matter." 111 F.3d at 167. Allowing review of this sort of summary denial "would place the agency in the quintessential 'Catch 22'" and thereby encourage it to "blindly deny[] the petition [for reconsideration] so as to avoid judicial review." Morris v. Sullivan, 897 F.2d 553, 559 (D.C. Cir. 1990) (rejecting argument that agency's mere reexamination of case reopened it). The Board's 2015 denial letter was not "final agency action" for purposes of the APA.[3]

---

[3] In its motion to dismiss, the government raises the additional argument that Palacios' claim does not fall within the six-year statute of limitations that governs APA claims. The Court

11

At bottom, because the Court lacks jurisdiction over Palacios' claim, and because granting leave to file an amended complaint or transferring the case to the Court of Federal Claims would be futile, the Court will dismiss this case with prejudice. A separate Order accompanies this Memorandum Opinion.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: August 18, 2017

---

declines to rule on this ground. To be sure, claims under the APA generally must be commenced "within six years after the right of action first accrues," 28 U.S.C. § 2401(a), and "[t]he right of action first accrues on the date of the final agency action," Fulbright, 67 F. Supp. 3d at 91. Palacios, however, does not challenge Board's original 2010 determination. His complaint instead homes in on the Board's 2015 denial of reconsideration. See Compl. ¶ 1 ("Plaintiff seeks judicial review of the January 22, 2015 . . . [d]ecision, which denied Plaintiff's request for reconsideration."). As such, the issue is not, as the government describes it, whether the Board's 2015 denial of reconsideration tolled the statute of limitations for his challenge to the Board's 2010 decision. Instead, the relevant question is whether that 2015 decision is a final agency action and therefore itself reviewable. If so, then Palacios' challenge is well within the six-year statute of limitations that governs actions under the APA. If not, the Court may not review it— not because the challenge is untimely, but because the APA allows for review only of "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704.